Dec. 10, 2019

**KREDER BROOKS HAILSTONE LLP**
By: David K. Brown, Esquire
Supreme Court ID # 32332
220 Penn Avenue, Suite 200
Scranton, PA 18503
(570) 346-7922
Attorneys for Citizens Savings Bank

### IN THE UNITED STATE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Karen A. Block, | : | CHAPTER 7 |
| debtor, | : | |
| Citizens Savings Bank, | : | CASE NO. 5:19-bk-04853-RNO |
| movant, | : | |
| vs. | : | |
| Karen A. Block, | : | |
| debtor/respondent | : | |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

### (Relief For Cause Under Section 362(d)(1))

Citizens Savings Bank, by its attorneys, Kreder Brooks Hailstone LLP, moves this Court for an order granting relief from the automatic stay provided by 11 U.S.C. §362 in order that it may enforce its lien against property of the Debtor and in support of its motion states the following:

1. Citizens Savings Bank is a federally-chartered mutual savings bank with an office at 500 South State Street, P.O. Box 567, Clark Summit, Pennsylvania 18411 (**"Citizens"**).

2. Karen A. Block is an adult individual whose last known address is 900 North Township Blvd, Apt 119, Pittston, Pennsylvania 18640 (the "**Debtor**").

3. The Debtor filed a Petition in Bankruptcy to the above term and number on November 13, 2019 in accordance with Chapter 7 of the Bankruptcy Code.

4. Citizens advanced a loan to the Debtor in the original principal amount of One Twenty Two Thousand Four Hundred ($122,400.00) Dollars (the "**Loan**") evidenced by a Note in favor of Citizens in the aforesaid amount dated May 10, 2013 (the "**Note**"), a true and correct copy of which is attached to this Motion as **Exhibit A** and incorporated by reference.

5. The Note is secured by a Mortgage from the Debtor in favor of Citizens dated May 10, 2013, and recorded in Luzerne County as Instrument Number 20320900, a true and correct copy of which is attached to this Motion as **Exhibit B** and incorporated by reference (the "**Mortgage**"), which encumbers property located at 33 Redwood Drive, Wilkes-Barre, Pennsylvania 18702, as more fully described in the Mortgage (the "**Property**").

6. The Mortgage is a first lien on the Property.

7. Section 1 of the Mortgage requires that the pay all sums due under the Note.

8. An event of default occurred under the Note and Mortgage as a result of the failure of the Debtor to make the required monthly payments when due, commencing with the installment due on October 1, 2019 (partial payment tendered on said date).

9. By reason of the foregoing event of default under the Note and the Mortgage, Citizens is entitled to enforce collection of all sums due thereunder against the Property and to divest the interest of the Debtor in the Property.

10. The total amount due by the Debtor to Citizens with respect to the Note and the Mortgage, as of as of November 26, 2019, is as follows:

| | |
|---|---|
| Principal | $106,336.22 |
| Interest through November 26, 2019 | 599.76 |
| Additional interest from November 27, 2019 to date of payment in full (per diem $17.015) | To be computed |
| Costs advanced | To be computed |
| Late charges through November 26, 2019 | 139.55 |
| Additional late charges from November 27, 2019 to date of payment in full | To be computed |
| Reasonable Attorneys' Fees (ESTIMATED at not less than) | 8,500.00 |

| | |
|---|---|
| TOTAL | $115,575.53* |

***Together with additional interest, costs, late charges,
attorney's fees and escrow advances through date of payment in full**.

11. The Debtor has not made the payments due under the Note <u>prior</u> to the filing of this Chapter 7 bankruptcy proceeding, commencing with the installment due on October 1, 2019.

12. Exhibit A attached to the Proof of Claim filed by Citizens provides that the <u>pre-bankruptcy</u> arrearage as of November 26, 2019 is $1,197.65. A copy of said Proof of Claim and Exhibit A thereto (the remaining exhibits to the Proof of Claim being intentionally omitted) are attached to this Motion as **Exhibit C** and incorporated by reference (the "**Citizens Proof of Claim**").

13. The Debtor has not objected to the Citizens Proof of Claim.

14. The Debtor has not made the payments due under the Note <u>after</u> the filing of this Chapter 7 bankruptcy proceeding, commencing with the installment due on December 1, 2019.

15. The contract amount of the current monthly installments is $1,179.97.

16. The Debtor has a continuing obligation to remain current, post petition, under the terms of the Note and the Mortgage, and the failure to do so constitutes bad faith on the part of the Debtor and results in a lack of adequate protection to Citizens.

4

Case 5:19-bk-04853-RNO    Doc 32    Filed 02/19/20    Entered 02/19/20 14:46:41    Desc
Main Document    Page 4 of 8

17. The post-bankruptcy arrearage as of December 1, 2019 is $850.34. (Although the default includes the failure of the Debtor to make the post bankruptcy petition payments, commencing with the installment due on December 1, 2019, no Post Petition Payment History-First Mortgage pursuant to Local Bankruptcy Rule 4001-1(e) and Local Bankruptcy Form 4001-1 is required as this bankruptcy proceeding has been filed under Chapter 7 and not under Chapters 11 or 13 of the Bankruptcy Code.)

18. An action to foreclose the lien of the Mortgage on the Property has not yet been commenced by Citizens.

19. The Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) attached to the Debtor's Petition, a copy of which is attached to this Motion as **Exhibit D** and incorporated by reference, indicates that it is the intent of the Debtor to surrender the Property subject to the Mortgage to Citizens.

20. Citizens is entitled to relief from the automatic stay for cause, pursuant to 11 U.S.C. §362(d)(1), for the following reasons:

   (a) the Debtor has not made the pre-petition payments due under the Note and Mortgage;

   (b) the Debtor has not made the post petition payments due under the Note and the Mortgage;

   (c) the secured position of Citizens in the Property is eroding due to accrual of interest and costs;

(d) the secured position of Citizens is not adequately protected; and

(e) the Debtor has stated that it is her intent to surrender the Property to Citizens.

21. Citizens is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1).

22. A proposed order is attached to this Motion as **Exhibit E** and incorporated by reference.

23. A Certificate of Non-Concurrence pursuant to Local Bankruptcy Rule 4001-1(f) with respect to the Debtor is attached to this Motion as **Exhibit F** and incorporated by reference.

24. A Certificate of Non Concurrence pursuant to Local Bankruptcy Rule 4001-1(f) relative to the trustees is attached to this Motion as **Exhibit G** and incorporated by reference.

WHEREFORE, Citizens Savings Bank requests that this Court enter an order pursuant to Section 362 of the Bankruptcy Code: (a) modifying the automatic stay; (b) allowing Citizens to commence mortgage foreclosure proceedings and to expose the Property to sale by the Sheriff of Luzerne County; (c) authorizing the Debtor to sign and deliver to Citizens a deed in lieu of foreclosure and/or to execute a loan modification agreement; (d) permitting Citizens to take all other lawful to collect the

6

Case 5:19-bk-04853-RNO    Doc 32    Filed 02/19/20    Entered 02/19/20 14:46:41    Desc
Main Document    Page 6 of 8

debt, including but not limited to, the foreclosure of the Mortgage, either by directly foreclosing the Mortgage or by the entry of judgment on the Note, and the subsequent issuance of execution proceedings; (e) allowing Citizens or any other purchaser at a sheriff's sale, and any such purchaser's assignee, to take any legal or consensual action for the enforcement of its right to possession of or title to the Property; (f) stating that Rule 4001(a)(3) is not applicable and authorizing Citizens to proceed immediately; and (g) granting such other relief as is just and equitable.

                            Respectfully submitted,

                            KREDER BROOKS HAILSTONE LLP

February 19, 2020          By: /s/David K. Brown
                                    David K. Brown, Esquire
                                    Attorneys for Movant
                                    PA Supreme Court I.D. 32332
                                    220 Penn Avenue, Suite 200
                                    Scranton, PA 18503
                                    (570)-346-7922

Dec. 6, 2019

# Exhibit List

_x__   Exhibit A   Note

_x__   Exhibit B   Mortgage

_x__   Exhibit C   Citizens Proof of Claim

_x__   Exhibit D   Debtor Statement of Intent to Surrender

_x__   Exhibit E   Proposed Order

_x__   Exhibit F   Debtor Certificate of Non-Concurrence

_x__   Exhibit G   Trustee Certificate of Non-Concurrence

8