```
                            United States Bankruptcy Court
                             Middle District of Pennsylvania
In re:                                                            Case No. 19-04853-RNO
Karen Block                                                       Chapter 7
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0314-5          User: admin              Page 1 of 2          Date Rcvd: Feb 17, 2020
                              Form ID: 318             Total Noticed: 31
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 20, 2020.

```
db         +Karen Block,    900 North Township Blvd,    Apt 119,    Pittston, PA 18640-3568
cr         +Citizens Savings Bank,    500 South State Street,    Clarks Summit, PA  18411,
             UNITED STATES 18411-1556
5269673     AT&T Mobility II, LLC,    c/o AT&T Services,,    Midland TX 79706
5269675    +Citizens Savings,    500 South State Street,    Clarks Summit, PA 18411-1556
5278825    +Citizens Savings Bank,    500 S. State Street,    Clarks Summit, PA 18411-1556
5269679    +Commercial Acceptance Company,    2 West Main Street,    Shiremanstown, PA 17011-6326
5269680    +Commonwealth Health Emergency Medical Se,    1000 Remington Ave,    Scranton, PA 18505-1118
5269681     ED Financial/ESA,    120 N Seven Oaks Drive,    Knoxville, TN 37922-2359
5269682     Empire Education Group,    396 N. Claude A Lord Blvd,    Pottsville PA 17901
5269683    +Eye Care Specialists,    703 Rutter Ave,    Kingston, PA 18704-4801
5269685    +HSBC Bank Nevada N.A.,    2300 W Sahara Ave,    Las Vegas NV 89102-4352
5269684    +Heller Gas,    500 North Poplar Street,    Berwick PA 18603-1526
5269686    +Links at Georgetown,    6301 Chief Of Love Rd,    Savannah, GA 31419-6223
5269687    +Midfirst Bank,    999 NW Grand Blvd,    Suite 100,    Oklahoma City, OK 73118-6051
5269691     PPL,    827 Hausman Road,    Allentown PA 18104-9392
5269697    +WVSA,    555 Exeter Avenue,    West Pittston, PA 18643-1749
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
cr         +EDI: PRA.COM Feb 17 2020 23:58:00      PRA Receivables Management, LLC,    PO Box 41021,
             Norfolk, VA 23541-1021
5269671    +EDI: AFNIRECOVERY.COM Feb 17 2020 23:58:00      AFNI,    PO Box 3097,    Bloomington IL 61702-3097
5269672    +EDI: GMACFS.COM Feb 17 2020 23:58:00      Ally Financial,    PO Box 380901,
             Bloomington, MN 55438-0901
5269674    +EDI: CAPITALONE.COM Feb 17 2020 23:58:00      Capital One Bank USA, NA,    P.O. Box 30281,
             Salt Lake City, UT 84130-0281
5269676    +EDI: COMCASTCBLCENT Feb 17 2020 23:58:00      Comcast,    1500 Market Street,    Floor 33C,
             Philadelphia PA 19102-2107
5269678     EDI: WFNNB.COM Feb 17 2020 23:58:00      Comenity Bank,    PO Box 182120,
             Columbus OH 43218-2120
5269677    +EDI: WFNNB.COM Feb 17 2020 23:58:00      Comenity Bank,    PO Box 182273,
             Columbus OH 43218-2273
5269688    +E-mail/Text: bankruptcy@nbtbank.com Feb 17 2020 18:46:59      NBT Bank NA,    20 Mohawk Street,
             Canajoharie NY 13317-1144
5269690     EDI: PRA.COM Feb 17 2020 23:58:00      Portfolio Recovery,    120 Corporate Boulevard,
             Suite 100,    Norfolk VA 23502
5269692     E-mail/Text: admin@pdminc.net Feb 17 2020 18:46:54      Professional Debt Mediation,
             7948 Baymeadows Way 2nd Floor,    Jacksonville, FL 32256
5269694     EDI: RMSC.COM Feb 17 2020 23:58:00      SYNCB/Lowes,    P. O. Box 965005,
             Orlanndo, FL  32896-5005
5269693    +EDI: SWCR.COM Feb 17 2020 23:58:00      Southwest Credit Systems,
             4120 International Parkway #1100,    Carrollton TX 75007-1958
5269921    +EDI: RMSC.COM Feb 17 2020 23:58:00      Synchrony Bank,    c/o PRA Receivables Management, LLC,
             PO Box 41021,    Norfolk, VA 23541-1021
5269695     E-mail/Text: bkrcy@ugi.com Feb 17 2020 18:47:00      UGI,    PO Box 13009,
             Reading, PA 19612-3009
5269696     E-mail/Text: bankruptcy@uscbcorporation.com Feb 17 2020 18:46:54      USCB Corporation,
             761 Scranton Carbondale Hwy Unit 6,    Eynon PA 18403
                                                                                               TOTAL: 15

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5269689    ##+PA American Water,    800 W. Hershey Park Drive,    Hershey, PA 17033-2400
                                                                                   TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 20, 2020                              Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 17, 2020 at the address(es) listed below:

    David K Brown   on behalf of Creditor   Citizens Savings Bank dbrown@kbh-law.com, ccrecco@kbh-law.com

    James Warmbrodt   on behalf of Creditor   MidFirst Bank bkgroup@kmllawgroup.com

    Jill M. Spott   on behalf of Trustee Robert P. Sheils, Jr (Trustee) jspottesq@sheilslaw.com, psheldon@sheilslaw.com

    John Fisher   on behalf of Debtor 1 Karen Block johnvfisher@yahoo.com, fisherlawoffice@yahoo.com

    Robert P. Sheils, Jr (Trustee)   rsheils@sheilslaw.com, PA41@ecfcbis.com;psheldon@sheilslaw.com

    United States Trustee   ustpregion03.ha.ecf@usdoj.gov

    TOTAL: 6

| | | |
|---|---|---|
| Debtor 1 | Karen Block | Social Security number or ITIN   xxx–xx–7189 |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| (Spouse, if filing) | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Middle District of Pennsylvania | |
| Case number: | 5:19–bk–04853–RNO | |

# Order of Discharge                                                   12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Karen Block
aka Karen A Block

**By the court:**

*[signature: Robert N. Opel II]*

2/17/20

Honorable Robert N. Opel, II
United States Bankruptcy Judge
By: AutoDocketer, Deputy Clerk

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                     **Order of Discharge**                         page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**